IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02554-BNB

GIORGIO DESHAUN RA'SHADD,

          Plaintiff,

v.

HILDA SOLIS, Secretary, US Department of Labor,
EARL WALKER, Regional Director OWCP, in his official capacity and personally,
BRADY WHITE, District Director, in his official capacity and personally,
CHERI OSTERHOUDT, Assistant District Director, in her official capacity,
PAULINE LYNCH, Operations Officer, in her official capacity and personally,
LYN KIRKHAM, Supervisory Claims Examiner, in her official capacity and personally,
RONNIE SANCHEZ, Supervisory Claims Examiner, in his official capacity and
          personally, and
LYDIA TZAGALOFF, Attorney for the Agency, in her official capacity and personally,

          Defendants.

_____

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

_____

          Plaintiff, Giorgio Deshaun Ra'Shadd, who currently resides in St. Petersburg,

Florida, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and an eighty-six-page document titled

"Preliminary Statement" which the Court treated as a Title VII Complaint (ECF No. 1).

          On October 23, 2012, the Court ordered Mr. Ra'Shadd to cure certain

deficiencies by filing a Title VII Complaint on the proper form and providing a complete

address for each named defendant.  On November 21, 2012, Mr. Ra'Shadd filed an

eighty-page amended Title VII Complaint (ECF No. 10) that is not on the Court-

approved form.  However, the action will not be dismissed for that reason.  The Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) will be granted. The motion titled "Motion for Order to Proceed In Forma Pauperis" (ECF No. 4) will be denied as unnecessary.

The Court must construe the amended Title VII Complaint liberally because Mr. Ra'Shadd is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ra'Shadd will be ordered to file a second and final amended Title VII Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the amended Title VII Complaint and finds that the amended Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

2

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ra'Shadd's amended Title VII Complaint is unnecessarily verbose. He fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Ra'Shadd complains that he was discriminated against because of a disability, i.e., a brain injury, that his former employer, the United States Department of Labor (DOL), failed to accommodate, and that he was discharged from employment at the DOL's Office of Workers' Compensation in Denver. He specifically alleges that the DOL failed to accommodate his disability because it refused to provide him with disability accommodation equipment and denied him training. On the basis of this background, he asserts thirty-seven claims pursuant to various statutory authority, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Rehabilitation Act of 1973. He also is apparently asserting claims pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* He contends he received a notice of right to sue from the Equal Employment Opportunity Commission, but fails to attach a copy.

It is not clear what claim or claims Mr. Ra'Shadd may be asserting against the individuals named as Defendants in the Title VII Complaint because the only proper defendant for his claims under Title VII and the ADA is the employer. *See Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999) (holding that the ADA, like Title VII, "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."). In addition, Mr. Ra'Shadd cannot maintain

3

claims for disability discrimination under federal law against Defendants in their individual capacities.  *See Hartley v. Department of Agriculture*, No. 10-cv-0323-ZLW-CBS, 2010 WL 5865381, *3 (D. Colo. Nov. 29, 2010) (citing *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) (supervisors do not meet the statutory definition of an "employer" of the Rehabilitation Act); and *Smith v. Lomas*, 45 F.3d 402, 403 (11th Cir. 1995) (recognizing that supervisors, as employees, cannot be held individually liable under Title VII)).   In addition, Mr. Ra'Shadd fails to make clear what claims are asserted pursuant to which statute.

Therefore, Mr. Ra'Shadd will be ordered to file a second amended complaint that clarifies the claims he is asserting in this action.  In order to state a claim in federal court, Mr. Ra'Shadd "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  It is Mr. Ra'Shadd's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  Mr. Ra'Shadd

4

will be given an opportunity to cure the deficiencies in his amended Title VII Complaint by submitting a second and final amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, asserts the specific rights have allegedly have been violated, sues the proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted.  It is

FURTHER ORDERED that the motion titled "Motion for Order to Proceed In Forma Pauperis" (ECF No. 4) is denied as unnecessary.  It is

FURTHER ORDERED that Plaintiff, Giorgio Deshaun Ra'Shadd, file, **within thirty (30) days from the date of this order**, a second and final amended Title VII Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Ra'Shadd shall obtain the appropriate Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Ra'Shadd fails within the time allowed to file a second and final amended Title VII Complaint that complies with this order, the action will be dismissed without further notice.

DATED November 28, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge