IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02554-BNB

GIORGIO DESHAUN RA'SHADD,

Plaintiff,

v.

HILDA SOLIS, Secretary, US Department of Labor,
EARL WALKER, Regional Director OWCP, in his official capacity,
BRADY WHITE, District Director, in his official capacity,
CHERI OSTERHOUDT, Assistant District Director, in her official capacity,
PAULINE LYNCH, Operations Officer, in her official capacity,
LYN KIRKHAM, Supervisory Claims Examiner, in her official capacity,
RONNIE SANCHEZ, Supervisory Claims Examiner, in his official capacity, and
LYDIA TZAGALOFF, Attorney for the Agency, in her official capacity,

Defendants.

---

## ORDER

---

The plaintiff filed his initial pleading on September 26, 2012 [Doc. #1].  He filed his First

Amended Title VII Complaint on November 21, 2012 [Doc. #10] and his Second Amended Title

VII Complaint on December 21, 2012 [Doc. #13] (the "Second Amended Complaint").  For the

following reasons, the Second Amended Complaint is STRICKEN, and the plaintiff is directed

to submit a third amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of

the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain

statement of the claim showing that the pleader is entitled to relief on any legally sustainable

grounds." <u>Blazer v. Black</u>, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  <u>TV Communications Network, Inc. v. ESPN, Inc.</u>, 767 F. Supp. 1062, 1069 (D. Colo. 1991), <u>aff'd</u>, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*.  Although I must liberally construe the pleadings of the *pro se* plaintiff, <u>Haines v. Kerner</u>, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Second Amended Complaint suffers from many deficiencies.  In 50 typewritten pages (plus 34 pages of exhibits), it asserts 20 claims against 8 defendants.  The allegations of the Second Amended Complaint are tedious and prolix.  Moreover, it contains legal argument and conclusory allegations of wrongdoing.  Arguments and conclusory allegations of wrongdoing are not appropriately included in a complaint.

In addition, the plaintiff does not provide addresses for each defendant, stating instead that all of the defendants may be served with process at the address of the United States Attorney's Office in Denver, Colorado.   *Complaint*, pp. 1-3.

It appears that at all times pertinent to the allegations of the Second Amended Complaint, the defendants were employed by the United States in the Department of Labor.  Rule 4 of the Federal Rules of Civil Procedure governs service upon the United States and its agencies and employees:

(1) United States.  To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.  To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

3

      (3) Officer or Employee Sued Individually.  To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed.R.Civ.P. 4(i)(2) and (3).

    Under Rule 4(e):

      an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

        (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

        (2) doing any of the following:

           (A) delivering a copy of the summons and of the complaint to the individual personally;

           (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

           (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

    Claims One, Two, and Five are brought against defendants Walker, White, Osterhoudt, Lynch, Sanchez, and Kirkham under the Rehabilitation Act.  In an action pursuant to the Rehabilitation Act, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c); Brezovski v. U.S. Postal Service, 905 F.2d 334, 335 n.2

4

(10th Cir. 1990) (noting that pursuant to 29 U.S.C. § 794a(a)(1), Title VII procedural requirements, including those found in 42 U.S.C. § 2000e-16(c), are applicable to claims asserted under the Rehabilitation Act).   None of these defendants is the head of the Department of Labor.  Therefore, the plaintiff has failed to name the proper defendant for his Rehabilitation Act claims.  Moreover, the plaintiff does not provide an address at which to serve the head of the Department of Labor.

In his Sixth Claim for Relief, the plaintiff sues defendants Osterhoudt, Kirkham, White, and Sanchez for conspiracy under 42 U.S.C. § 1983.  It is unclear whether the plaintiff is suing the defendants in their official capacities, individual capacities, or both.  In any event, he has not provided appropriate addresses for service of these defendants under Rule 4.

The plaintiff also asserts numerous state law tort claims against the defendants. *Complaint*, p. 3, ¶ 13 (characterizing his tort claims as "state law claims").  However, "the Federal Tort Claims Act (FTCA) provides the exclusive remedy" for federal employees are sued in tort for actions taken within the scope of their employment."  28 U.S.C. § 2679(b)(1); <u>Pretlow v. Garrison</u>, 420 Fed.Appx. 798, 802 (10th Cir. 2011).  "When, as here, federal employees are sued in tort for actions taken within the scope of their employment, the FTCA affords the employees absolute immunity and requires the plaintiff to proceed against the United States, whose sovereign immunity is waived in certain limited respects for this purpose."  <u>Pretlow</u>, 420 Fed.Appx.at 802.  To the extent the plaintiff is asserting tort claims against the individual defendants for actions taken within the scope of their employment, he has failed to name the United States as a defendant.

In Claim Four, the plaintiff alleges that defendants Kirkham, Tzagaloff, White, Sanchez, and Walker are guilty of "fraud upon the court." "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). The Tenth Circuit Court of Appeals has stated:

> The requirements of Rule 9(b) must be read in conjunction with
> the principles of Rule 8, which calls for pleadings to be simple,
> concise, and direct, and to be construed as to do substantial justice.
> The purpose of Rule 9(b) is to afford defendant fair notice of
> plaintiff's claims and the factual ground upon which they are
> based. Simply stated, a complaint must set forth the time, place
> and contents of the false representation, the identity of the party
> making the false statements and the consequences thereof.

Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotations and citations omitted).

Many of the plaintiff's allegations regarding fraud are vague and conclusory. In addition, he has not provided appropriate addresses for service of these defendants under Rule 4.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. 1915. Therefore, the United States Marshal will serve the defendants with process. However, the plaintiff must provide the court with the proper address for service of each defendant. The court is not responsible for obtaining addresses for service.

Accordingly, the Second Amended Complaint is stricken, and the plaintiff shall submit a third amended complaint which complies with the Federal Rules of Civil Procedure and this order. The third amended complaint must be submitted on the court's form and shall be titled "Third Amended Complaint." The third amended complaint shall name the proper defendants. In the section titled "Parties," the plaintiff shall provide a proper address for each defendant in

6

accordance with Rule 4.  The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page.  Each claim shall be numbered; stated separately; and name the proper defendant(s).  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants.  Each claim shall not exceed two typewritten pages, double-spaced, with the exception of the fraud claim which shall not exceed two typewritten pages, double-spaced as to each defendant against whom the claim is brought.  The third amended complaint shall not contain conclusory allegations or argument.  The plaintiff may attach to the proposed third amended complaint only those exhibits that pertain directly to his claims.

IT IS ORDERED:

1.   The Second Amended Complaint [Doc. #13] is STRICKEN for failure to comply with Rules 4, 8, and 9, Fed. R. Civ. P.;

2.   The plaintiff shall have until **March 11, 2013**, to submit a third amended complaint which complies with Rules 4, 8, and 9 and this order; and

3.   The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed.

Dated January 28, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7