IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02554-BNB

GIORGIO DESHAUN RA'SHADD,

Plaintiff,

v.

HILDA SOLIS, Secretary, US Department of Labor,
EARL WALKER, Regional Director OWCP, in his official capacity,
BRADY WHITE, District Director, in his official capacity,
CHERI OSTERHOUDT, Assistant District Director, in her official capacity,
PAULINE LYNCH, Operations Officer, in her official capacity,
LYN KIRKHAM, Supervisory Claims Examiner, in her official capacity,
RONNIE SANCHEZ, Supervisory Claims Examiner, in his official capacity, and
LYDIA TZAGALOFF, Attorney for the Agency, in her official capacity,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on my Order to Show Cause [Doc. #49] issued on July 25, 2013.  For

the following reasons, I respectfully RECOMMEND that this action be DISMISSED WITHOUT

PREJUDICE.

The plaintiff filed his Third Amended Complaint on March 8, 2013 [Doc. #18] (the

"Complaint").  The defendants filed a motion to dismiss the Complaint on May 31, 2013 [Doc.

#35].  The plaintiff was ordered to respond to the motion to dismiss on or before June 28, 2013

[Docs. ##37 and 40], but no response has been received.

On July 2, 2013, the court mailed a memorandum to the plaintiff at his address of record

[Doc. #47].  The envelope containing the memorandum was returned on July 22, 2013, as

undeliverable, stating "box closed" and  "unable to forward." [Doc. #48].  The Court has not

received a notice of change of address from the plaintiff as required by D.C.COLO.LCivR

10.1M.

Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order.  If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

Pursuant to Rule 41.1, I ordered the plaintiff to show cause on or before August 12, 2013,

why the Complaint should not be dismissed for failure to comply with an order of the court and

failure to keep the court informed of his current address in violation of D.C.COLO.LCivR

10.1M.  I warned the plaintiff that his failure to respond to my order on or before August 12,

2013, would result in my recommendation that the Complaint be dismissed in its entirety.

The plaintiff did not respond to the show cause order.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT

PREJUDICE.[1]

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days
after service of this recommendation to serve and file specific, written objections.  A party's
failure to serve and file specific, written objections waives *de novo* review of the
recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-
48 (1985), and also waives appellate review of both factual and legal questions.  In re Key
Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this
recommendation must be both timely and specific to preserve an issue for *de novo* review by the
district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d
1057, 1060 (10th Cir. 1996).

Dated August 16, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge